# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TONNESHA KIDD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-1193 JAR |
| | ) | |
| MARYVILLE UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon plaintiff's motion to proceed in forma pauperis in this matter. *See* 28 U.S.C. § 1915. The Court has reviewed plaintiff's financial information, and her motion will be granted. Additionally, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e).

### **Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**Background**

This matter appears to stem from a dispute between plaintiff, a New Jersey resident, and St. Anthony's Urgent Care, healthcare entity presumably located in St. Louis, Missouri. Plaintiff states that she was working for St. Anthony's Urgent Care in July and August 2018 as part of her clinical nursing practicum at Maryville University in St. Louis. Plaintiff has asserted three claims against St. Anthony's Urgent Care, as well as her supervisor at St. Anthony's, Theresa Brewer.

First, plaintiff alleges that Ms. Brewer argued with her and "harassed her"[1] on two separate days at St. Anthony's. She claims that approximately three days later, Ms. Brewer told her not to return to work at the Urgent Care and told Maryville University that plaintiff's clinical performance was below the required standard for a nurse practitioner student and that she texted and did her homework in the clinical setting. Plaintiff claims that these statements, as well as some other statements made regarding her performance, were defamatory. Plaintiff asserts that after Ms. Brewer gave her a poor clinical evaluation, she was forced to find another clinical site in order to complete a second practicum.

Plaintiff asserts three claims in this action against Ms. Brewer and her employer, St. Anthony's Urgent Care: defamation; intentional infliction of emotional distress and conspiracy to defame plaintiff. Plaintiff also asserts that defendant Maryville University, as well as Ms. Brewer and St. Anthony's Urgent Care, are liable for willingly conspiring to defame plaintiff by "publishing" one or more written or oral false statements.

---

[1] Plaintiff does not indicate exactly how she was "harassed" by Ms. Brewer. Plaintiff states only that she and Ms. Brewer argued regarding her work performance, and as her supervisor at St. Anthony's, stood over her and reviewed her work and generally told plaintiff what to do while she was under her purview. Plaintiff reports that this treatment was "unfair."

Plaintiff seeks damages and injunctive relief in an amount she believes exceeds $75,000. However, plaintiff has failed to outline how she believes her damages exceed the statutory requirement for diversity jurisdiction.

**Discussion**

The Court has carefully reviewed and liberally construed the complaint and concludes that this action will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Civil plaintiffs are required to set out their alleged claims and the facts supporting those claims in a simple, concise, and direct manner. Even pro se litigants are obligated to plead specific facts and proper jurisdiction and abide by the Federal Rules of Civil Procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

The gist of plaintiff's claim is that she received a bad review from Ms. Brewer in her practicum. It appears, from plaintiff's fact statement, that because she received a poor review from Ms. Brewer in her first practicum, she had to complete a second practicum in order to complete her Nurse Practitioner Program at Maryville University.

Plaintiff reports that the invasion of her legal rights, or the alleged "defamation" was the review given by Ms. Brewer to Maryville University of plaintiff's performance of her practicum at St. Anthony's Urgent Care. Plaintiff has not alleged that this review was published outside Maryville University, only that as a result of the poor review she was required to repeat two clinical courses at the University and obtain another clinical practicum.

Under Missouri law, a plaintiff must show six elements in order to make a sufficient claim for defamation. These elements are 1) publication, 2) of a defamatory statement, 3) that identifies

3

the plaintiff, 4) that is false, 5) that is published with the requisite degree of fault, and 6) damages the plaintiff's reputation. *Overcast v. Billings Mutual Insur. Co.,* 11 S.W.3d 62, 70 (Mo. 2000) (en banc).

Plaintiff has failed to allege that the statements made by Ms. Brewer were published outside of Maryville University's internal educational system. In other words, plaintiff has failed to allege that the review of plaintiff was provided to anyone other than the University's Psychiatric Nurse Practitioner Program.

Plaintiff has also failed to allege damage to her reputation. Proof of actual harm to the plaintiff's reputation is an absolute prerequisite in a defamation action. *Cockram v. Genesco, Inc.,* 680 F.3d. 1046, 1053-54 (8th Cir. 2012). "To demonstrate actual damages [in Missouri], plaintiffs must show that defamatory statements caused a quantifiable professional or personal injury, such as interference with job performance, psychological or emotional distress, or depression." *Id.* at 1054 (quoting *Arthaud v. Mutual of Omaha Ins. Co.*, 170 F.3d. 860, 862 (8th Cir. 1999)).

In her complaint, plaintiff alleges that she suffered emotional distress in that she had to find her own second clinical site, was "harassed" with reprimands by Ms. Brewer at St. Anthony's Urgent Care, and Maryville University failed to investigate the alleged false accusations, i.e., she states that she told Maryville University that Ms. Brewer's comments were untrue and they failed to see if they were.

However, plaintiff has failed to provide a concrete example as to how her reputation has been damaged. Conclusory statements such as those alleged by plaintiff, lacking any factual support, are simply insufficient to show damage to reputation for defamation. Accordingly, plaintiff's claim for defamation is subject to dismissal.

4

Additionally, under Missouri law, in order to state a cause of action for intentional infliction of emotional distress, plaintiff must allege four elements: (1) that defendants acted intentionally or recklessly; (2) that defendants' conduct was extreme and outrageous; and (3) that the conduct was the cause (4) of severe emotional distress. *See Polk v. Inroads/St. Louis, Inc.*, 951 S.W.2d 646, 648 (Mo. Ct. App. 1997). "Although case law does not provide us with a precise definition of extreme and outrageous, the test adopted by Missouri courts for actionable conduct is that the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (internal quotations omitted). Additionally, the conduct must be "intended only to causes extreme emotional distress to the victim." *See Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997). As noted above, plaintiff's allegations of emotional distress fail to assert that defendants acted in such a way that it was so extreme and outrageous that plaintiff was damaged beyond all possible bounds of decency. As such, she has failed to state a claim for intentional infliction of emotional distress.

Plaintiff has failed to allege the existence of a conspiracy to defame plaintiff. Missouri law defines a civil conspiracy as "an agreement between at least two persons to do an unlawful act, or to use unlawful means to do an act which is lawful." *Hibbs v. Berger,* 430 S.W.3d 296, 320 (Mo. Ct. App. 2014) (quoting *Blaine v. J.E. Jones Constr. Co.,* 841 S.W.2d 703, 713 (Mo. Ct. App. 1992)). The tort of civil conspiracy does not exist in its own right; "[r]ather, it acts to hold the conspirators jointly and severally liable for the underlying act." *Western Blue Print Co., LLC v. Roberts,* 367 S.W.3d 7, 22 (Mo. banc 2012) (quoting *8000 Maryland, LLC v. Huntleigh Fin. Services Inc.,* 292 S.W.3d 439, 451 (Mo. Ct. App. 2009)). "The gist of the action is not the conspiracy, but the wrong done by acts in furtherance of the conspiracy or concerted design

resulting in damage to plaintiff." *Id.* (quoting *8000 Maryland,* 292 S.W.3d at 451). Therefore, if the "tortious acts alleged as elements of a civil conspiracy claim fail to state a cause of action, then the conspiracy claim fails as well." *Id.* (quoting *Oak Bluff Partners, Inc. v. Meyer,* 3 S.W.3d 777, 781 (Mo. banc 1999)).

Because plaintiff's claim for defamation failed to state a cause of action, her claim for civil conspiracy also fails to state a cause of action, as there is no claim for conspiracy to defame without the underlying factual underpinning of the claim for defamation.[2] Thus, her claim for conspiracy is also subject to dismissal.

Lastly, the Court concludes it would be futile to amend the complaint, as there is no basis to conclude that Plaintiff could cure the defects in her complaint. The Court will therefore summarily dismiss this action, without prejudice, pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** against defendants Jane Doe, John Doe and ABC Corporation I-X as she has not made any claims against these defendants.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss plaintiff's action for failure to prosecute [Doc. #4] is **DENIED** without prejudice.

---

[2]Plaintiff has made no allegations against defendants Jane Doe, John Doe, ABC Corporation I-X. She simply lists these entities as defendants in the caption of the case. Because plaintiff states no claims against these defendants, the Court will dismiss these defendants from the case.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 22nd day of January, 2020.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**